**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LARRY BARNES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3607 |
| | § | |
| SOUTHWEST SHIPYARD, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This employment case is before the Court on Plaintiff Larry Barnes's Motion to

Compel [Doc. # 16], to which Defendant Southwest Shipyard filed its Response [Doc.

# 18].  Based on the Court's review of the record and the applicable legal authorities,

the Court concludes that the discovery requests at issue are overly broad and beyond

the scope of the limited discovery authorized by the Court.  As a result, the Court

**denies** the Motion to Compel.

**I.      BACKGROUND**

Plaintiff filed this lawsuit alleging that Defendant, his employer, violated the

Rehabilitation Act of 1973 when it terminated his employment in December 2004.

Plaintiff alleges that the decision to terminate his employment was discrimination based

on Plaintiff's heart condition.

Defendant, a private company, filed a Motion for Summary Judgment [Doc. # 10], arguing that Plaintiff does not have a cause of action under the Rehabilitation Act because Defendant does not receive Federal financial assistance.  Plaintiff requested and obtained leave to conduct limited discovery on the Federal assistance issue.  *See* Hearing Minutes and Order [Doc. # 15] ("Discovery on financial matters relating to federal funds is permitted.").

Plaintiff propounded discovery requests to Defendant seeking all Defendant's income statements for 2003-2005, a customer list for 2004, "a copy of any application, loan or grants from the Maritime Administration Guaranteed Loan Program (Title XI) for any work and/or project for the years 2000-2006," all documents reflecting any work performed by Defendant, and an identification of all sources of Defendant's income.  *See* Second Request for Production of Documents, Exh. 1 to Motion to Compel.  Defendant answered the question regarding loans or grants under Title XI, responding that there were none.  Defendant objected to the remaining requests as overly broad and not designed to obtain information regarding federal assistance.  *See* Defendant's Response to Plaintiff's Second Request for Production of Documents, Exh. 2 to Motion to Compel.  Plaintiff then moved to compel.

## II.   <u>ANALYSIS</u>

The Rehabilitation Act prohibits discrimination against an otherwise qualified person with a disability by a private company that receives Federal financial assistance. *See* 29 U.S.C. § 794.  Federal financial assistance as used in § 794 does not include government contracts, but refers instead to Federal grants or other unearned assistance "to support activities deemed to be in the public interest or for the public welfare." *See Rogers v. Frito-Lay, Inc.*, 433 F. Supp. 200, 204 (N.D. Tex. 1977), *aff'd*, 611 F.2d 1074 (5th Cir.), *cert. denied*, 449 U.S. 889 (1980).  Other courts have characterized the relevant Federal financial assistance as a "subsidy" as opposed to compensation. *See Shotz v. American Airlines, Inc.*, 323 F. Supp. 2d 1315, 1317-18 (S.D. Fla. 2004), *aff'd*, 420 F.3d 1332 (11th Cir. 2005), and cases cited therein.

The discovery requests to which Defendant objected do not seek information relevant to the sole issue currently before the Court – whether Defendant received "Federal financial assistance" such that it would be subject to, and could be liable for a violation of, the Rehabilitation Act.  Because the requests do not seek relevant information, they are overly broad and Defendant is not required to produce the requested documents.  The only request that sought relevant information, the request seeking documents regarding any Title XI assistance Defendant received, has been fully answered by Defendant's representation that there are no responsive documents.

## III.   CONCLUSION AND ORDER

Defendant has answered the only discovery request relating to its receipt, or lack thereof, of Federal financial assistance.  The remaining requests are overly broad and do not seek information relevant to the issue before the Court for which the limited discovery was permitted.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Compel [Doc. # 16] is **DENIED**. Plaintiff's response to Defendant's Motion for Summary Judgment remains due **July 9, 2007**, and the deadline will not be extended.

SIGNED at Houston, Texas, this **11th** day of **May, 2007**.

Nancy F. Atlas
United States District Judge